UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RASHID CONTEH, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil No. 16-10663-LTS |
| YOLANDA SMITH, | ) ) ) | |
| Respondent. | ) ) | |

ORDER ON MOTIONS TO DISMISS (DOCS. 10, 18)

November 7, 2016

SOROKIN, J.

On April 26, 2016, Petitioner Rashid Conteh, an immigration detainee at the Suffolk County House of Correction, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his detention by U.S. Immigration and Customs Enforcement ("ICE") violates his due process rights under Zadvydas v. Davis, 533 U.S. 678 (2001). Doc. 1. Respondent Yolanda Smith, the Superintendent of the Suffolk County House of Correction, has filed two motions to dismiss the petition, the first on May 18, 2016, and the second on August 26, 2016. For the reasons that follow, the Court ALLOWS Respondent's second motion to dismiss (Doc. 18) and DENIES AS MOOT Respondent's first motion to dismiss (Doc. 10).

I.     BACKGROUND

    A.     The Petition

Petitioner Rashid Conteh is "a native and citizen of Sierra Leone." Doc. 1 at 4. He arrived in the United States as a refugee with his family in 2000, when he was fourteen years old.

Id. Petitioner is the only member of his family who did not become a U.S. citizen. Id. From 2007 to 2009, Petitioner was convicted of various offenses, including possession of a controlled substance and criminal threatening. Id.

On November 16, 2009, an Immigration Judge entered an order of removal against Petitioner. Id. at 5. On September 15, 2015, ICE "took Petitioner into custody to await his deportation." Id. Petitioner requested release, but ICE denied that request on the grounds that Petitioner "was a danger to the community and a flight risk." Id. (citation omitted). In a letter dated March 18, 2016, ICE "informed Petitioner that [it] was working with the government of Sierra Leone to secure [a] travel document for his removal from the United States." Id. at 6.

Petitioner claims there is no significant likelihood that ICE will remove him in the reasonably foreseeable future, because Sierra Leone does not recognize him as a citizen and has "Temporary Protection Status due to Ebola outbreak." Id. If Petitioner is correct that there is no significant likelihood of removal in the reasonably foreseeable future, then he is eligible for conditional release under Zadvydas. 533 U.S. at 701; see also Doc. 1 at 6-7.

B.   Motions to Dismiss

On May 18, 2016, Respondent filed a motion to dismiss the petition for failure to state a claim. Doc. 10. Respondent claimed there was a significant likelihood of Petitioner's removal in the reasonably foreseeable future, as officials from the Embassy of Sierra Leone had "confirmed" Petitioner's nationality and "stated that they will issue a travel document." Doc. 12 at 7.

On August 1, 2016, Respondent filed a notice of intent to remove Petitioner within twenty-one days. Doc. 15.

On August 26, 2016, Respondent filed a second motion to dismiss.  Doc. 18.  In a sworn declaration accompanying the motion, an ICE official stated that ICE had scheduled Petitioner's removal for August 16, 2016.  Doc. 19-1 at 2.  However, the official said, ICE had to abort the removal because Petitioner physically resisted ICE removal officers at the airport and yelled that he would not comply with the removal order.  Id. at 3-4.

On October 6, 2016, Respondent filed a sworn supplemental declaration by the same ICE official.  Doc. 26.  According to the official, Petitioner was scheduled for removal on September 27, 2016.  Id. at 3.  However, the official said, after Petitioner was informed of his impending removal on the morning of that date, Petitioner said that he would refuse to comply and would "rather stay in jail than go to Sierra Leone."  Id. at 3-4.  According to the official, later that day, at the airport, Petitioner again physically resisted the ICE removal officers, and ICE was again forced to abort the removal.  Id. at 5.

On October 7, 2016, Petitioner filed a response to the second motion to dismiss and to the sworn supplemental declaration.  Doc. 28.  Petitioner argues that Respondent is unlawfully attempting to remove him "without first establishing his nationality."  Id. at 2.  Petitioner also argues that the travel documents Respondent has obtained from the Embassy of Sierra Leone are "invalid."  Id.  Petitioner finds it "suspicio[us]" that the travel documents for August 16, 2016, and September 27, 2016, were issued on the same day but only one of the documents – for the later date – has Petitioner's correct birth date.  Id. at 2-3.  Petitioner also finds it suspicious that although the "travel document . . . contains a stamped seal of the Embassy of Sierra Leone[, it] does not appear to have been signed by the official government."  Id. at 3.

On October 14, 2016, Respondent filed a reply to Petitioner's response.  Doc. 31. Respondent argues that this Court "lacks jurisdiction" over any claim that Petitioner's removal is

3

unlawful.  Id. at 1.  Respondent further argues that Petitioner's arguments about the validity of his travel documents are "unfounded."  Id.

## II.     DISCUSSION

Petitioner has failed to state a claim under Zadvydas, as he has physically resisted ICE officers' attempts to remove him and has explicitly stated that he will not comply with a removal order.  Petitioner "cannot assert a viable constitutional claim when his indefinite detention is due to his failure to cooperate with [ICE's] efforts to remove him."  Rodriguez v. Hayes, 591 F.3d 1105, 1116 (9th Cir. 2010) (citations and internal quotation marks omitted); see also Akanda v. Horgan, 2012 WL 1207217, at *3-4 (D. Mass. 2012) (citing various authorities for this proposition).  Thus, the Court must dismiss this action.

With respect to the issues Petitioner raises about the execution of his removal order, this Court has no ability to grant relief based upon those issues.  See Tejada v. Cabral, 424 F. Supp. 2d 296, 298 (D. Mass. 2006) ("Congress made it quite clear that all court orders regarding alien removal . . . were to be issued by the appropriate courts of appeals.") (citations omitted).  In the alternative, assuming the Court would be able to grant relief, Petitioner's claims are meritless.  Petitioner cites no authority for his proposition that Respondent must first establish his nationality before removing him.  Moreover, Petitioner admits he is a "citizen of Sierra Leone," Doc. 1 at 4, so there is simply no dispute between Petitioner and Respondent over Petitioner's nationality.  As for Petitioner's argument that the travel documents are invalid because his birth date is only correct on one of them and because the documents lack a signature "by the official government," Doc. 28 at 2-3, those allegations, accepted as true, are insufficient to make the

Court question the travel documents' validity, particularly given that the documents contain the seal of the Embassy of Sierra Leone.  Accordingly, Petitioner is not entitled to relief.

III.     CONCLUSION

For the foregoing reasons, Respondent's second motion to dismiss (Doc. 18) is ALLOWED and Respondent's first motion to dismiss (Doc. 10) is DENIED AS MOOT.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge